## BERNAYS *v.* UNITED STATES MUT. ACC. ASS'N OF NEW YORK.

*(Circuit Court, E. D. Missouri, E. D.    March 16, 1891.)*

**1. INSURANCE—ACCIDENT POLICY—PLEADING.**
In a suit on an accident policy, where the petition alleged that deceased died from erysipelas, resulting from an accidental laceration of a finger, an answer averring that in his contract with the insurer deceased had warranted "that he had never had, and had not then, any bodily or mental infirmity, whereas in truth * * * said deceased had on various occasions prior thereto been afflicted, and was then subject to and infected, with erysipelas, and that he eventually died of erysipelas," is demurrable, as failing to state a defense, in that it does not show that erysipelas was an infirmity which increased the risk of death in the event of an accident.

**2. SAME—REPUGNANT ALLEGATIONS.**
In an action on an accident policy which provided that the insurance should not extend "to injuries of which there should be no visible mark on the body of the insured," where the answer admitted the death of deceased from erysipelas ensuing upon the accidental cutting and laceration of one of his fingers, the subsequent allegation that "there was no visible mark of said alleged accidental injury upon the body of plaintiff's testator" is repugnant to the admission, and the defense is not well pleaded.

**3. SAME—ARGUMENTATIVE AVERMENTS.**
An averment in the answer that by its terms the policy was not to "extend to or cover death resulting from or caused by poison, * * * or contact with poisonous substances," and that "said alleged injury was caused by poison and contact with poisonous substances," is bad as being merely an argumentative denial of the allegation in the petition that the death "resulted alone from said injury."

At Law.
*Drummond & Hicks,* for plaintiff.
*Wm. C. & J. C. Jones,* for defendant.

THAYER, J.    This is a suit on an accident policy of insurance issued to plaintiff's testator.    By the policy the deceased was insured "against

personal bodily injuries effected　＊　＊　＊　through external, violent, and accidental means," and "against death resulting from said injuries alone, and within ninety days." The petition avers that the deceased, who was a physician and surgeon, while examining a patient "accidentally cut and lacerated one of his fingers with forceps then being used, and by reason and means of said accidental injuries to his finger　＊　＊　＊　became thereupon afflicted with the disease of erysipelas, and died　＊　＊　＊　within thirty days after the time of said injury, and that death resulted alone from said injury." The answer admits, among other things, that the deceased accidentally cut and lacerated his finger as alleged, and that he became afflicted with erysipelas, and died at the time stated. Several matters are then pleaded by way of defense, to which the plaintiff demurs.

1. The first paragraph to which objection is taken alleges that in and by his contract with the insurer the deceased warranted "that he had never had, and had not then, any bodily or mental infirmity, whereas in truth ＊　＊　＊　said deceased had on various occasions prior thereto been afflicted with, and was then subject to and infected with, erysipelas, ＊　＊　＊　and that he eventually died of erysipelas." This paragraph of the answer cannot be regarded merely as a denial of the fact alleged in the petition that the testator's death was due to accident. It is not good pleading, if so intended. It was evidently pleaded as a substantive defense, and must be so treated. The question accordingly arises whether the warranty that the deceased "never had, and had not then, any bodily or mental infirmity," was broken, and the contract avoided, by the fact that he had had and was subject to erysipelas; and this involves a consideration of the scope of the warranty. An "infirmity," as defined by Webster, "is an imperfection or weakness, especially a disease; a malady." Giving to the words, then, their largest meaning, they would include every ailment that flesh is heir to, and the result would be a warranty that the deceased had never had any disease, no matter how trivial or temporary. Such a construction of the warranty is too unreasonable to be tolerated. The insurer had no conceivable motive for questioning the deceased as to all human ailments, whether incident to youth, manhood, or old age. Some limitation of the terms of the warranty is necessary to make it conform to what must be presumed to have been the intent of the parties. As the insurance was against accident, and death resulting therefrom within 90 days, it is fair to presume that the insurer desired information as to whether the deceased then had, or had ever had, any bodily or mental infirmity that would render him more than ordinarily liable to accident, or that would increase the risk of death in case an injury was sustained; and that the question in response to which the warranty was given was asked with a view of eliciting such information, and for no other purpose. It must also be presumed that the assured both understood and answered the question in that sense, and, in effect, only warranted that he had never had, and did not then have, any infirmity of mind or body that would increase the risk of accident, or the risk of death therefrom in case an injury was sustained. This ap-

pears to me to be a reasonable interpretation of the warranty, considering the character of the policy and the purpose that the insurer had in view. According to this construction of the warranty, the most that can be claimed by the insurer is, that the fact that the deceased was subject to erysipelas increased the risk of death in the event of an accident, and that the warranty is on that account broken, and the policy avoided. But the answer does not aver that the risk of death in the event of an accidental cut or bruise was increased by the fact that the deceased was afflicted with erysipelas, and the court will not take judicial notice that such is the fact. It is a matter that should be averred. I accordingly conclude that the averment that the deceased was afflicted with and was then subject to erysipelas does not establish a breach of warranty, and that the defense attempted is not well pleaded.

2. It is next averred that the policy contained a clause to the effect that "the insurance * * * should not extend to or cover injuries of which there should be no visible mark on the body of the insured," and that "there was no visible mark of said alleged accidental injury upon the body of the plaintiff's testator." It has been held in several well-considered cases that the condition in question in an accident policy, only precludes a recovery on claims for indemnity for an alleged injury which does not result fatally, and that it has no application to a case where death results from an accidental injury. *Paul* v. *Insurance Co.*, 112 N. Y. 472, 20 N. E. Rep. 347; *McGlinchey* v. *Casualty Co.*, 80 Me. 251, 14 Atl. Rep. 13; *Mallory* v. *Insurance Co.*, 47 N. Y. 52. But in any event the plea that there were no visible marks of the accident on the body of the deceased is repugnant to other parts of the answer. The answer expressly admits that on November 21, 1888, the date alleged in the petition, the deceased "accidentally cut, lacerated, and wounded one of his fingers." The averment that there were no visible marks of injury is not consistent with the admission, unless it is understood to relate to the time of death, and, understood in that sense, the averment is immaterial. If there were visible marks of the injury when the accident happened, as the answer in effect admits, but they had become obliterated before the death of the assured, the plaintiff is entitled to recover if the injury sustained was in fact the efficient cause of death. The defense in question is not well pleaded.

3. It is further averred that the policy contained a clause declaring that "the insurance * * * should not extend to or cover death resulting from or caused by poison, * * * or contact with poisonous substances," and that "said alleged injury was caused by poison and by contact with poisonous substances." The defect in this paragraph is that it is merely an argumentative denial of a material allegation of the petition, and is not good as a plea in bar to the action.

Plaintiff avers in her petition that the testator's death "resulted alone from said injury;" that is to say, from an accidental injury to his finger inflicted with a pair of forceps. If such was not the fact, the averment should be denied in simple and direct language, and in the form in which the issue is tendered. If the efficient cause of death was "poison or con-

tact with a poisonous substance," that fact may be shown under a simple denial of the averment that death resulted solely from accident.

The demurrer is sustained in all of the respects heretofore indicated, but with leave to amend within three days.