## BLACK v. TRAVELLERS' INS. CO.

(Circuit Court of Appeals, Third Circuit. April 10, 1903.)

1. LIFE INSURANCE—BODILY INFIRMITY—WARRANTY.

A bodily infirmity is something that materially impairs the bodily powers, and to constitute a breach of a warranty against the existence of it there must be something that amounts to an actual inroad on the physical health or condition.

2. SAME—WHEN QUESTION FOR THE JURY.

It was warranted by the insured that he had never had any bodily or mental infirmity; but it was shown that while a soldier in the Civil War he had received a gunshot wound in the back of the head, by which the external table of the skull was fractured, a piece about half an inch square taken out, and a slight depression of the inner table produced, on the strength of which he had received a pension from the government, which had been afterwards increased on account of alleged resulting vertigo and impaired vision. Aside from the pension record, however, there was nothing to show that the wound had affected his general health, which, according to other evidence, was uniformly good. *Held,* that it was error to direct a verdict in favor of the defendant; the case being for the jury under all the evidence.

3. SAME—EVIDENCE—RECEPTION OF PENSION.

The mere reception of a pension by the insured did not establish that he was affected with a bodily infirmity, but only that he had so represented to the general government. It was evidence on the subject, but not conclusive, regardless of the other proof.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

A. T. Black and W. K. Jennings, for plaintiff in error.

John A. Murphy, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge. In the application on which the policy in suit is based, dated September 26, 1896, the decedent represented and warranted that he had never had "any bodily or mental infirmity." It was proved, however, at the trial that while a soldier in the Civil War he received a gunshot wound in the back of the head, by which the external table of the skull was fractured, a piece about half an inch square taken out, and a slight depression of the inner table produced. On the strength of this, in December, 1868, he was granted a pension by the United States government of $8 a month, which was increased to $12 in July, 1886, and in December, 1889, to $14 on account of alleged resulting vertigo and impaired vision. Upon this showing the learned trial judge directed a verdict in favor of the defendant, holding that the condition produced by the wound was a bodily infirmity within the meaning of the warranty, and constituted a breach of it. In our judgment, this was error, the question being for the jury, and not for the court, under the evidence. Aside from the pension record, there was nothing to show that the wound, which healed over quite speedily, mate-

¶ 1. See Insurance, vol. 28, Cent. Dig. § 690.

rially affected the general health of the insured, which, according to the testimony of several witnesses, was uniformly good. And while it is no doubt true that the injury could not be said to have been of such a passing or temporary nature as to escape the remembrance of the decedent, particularly in view of the constant receipt of his pension, yet it certainly could not be declared as a matter of law to be a bodily infirmity without evidence that it affected to some extent his actual physical condition. An infirmity of the body, as the term implies, is something that materially impairs the bodily powers. In a case where this is clearly made out, it is no doubt the duty of the court to take the question from the jury and dispose of it; but ordinarily it is for them to pass upon, and it ought, in our judgment, to have been left to them here. In Boos v. Mutual Life Insurance Company, 64 N. Y. 236, the decedent declared in his application, which was made a warranty, that he had had no severe sickness or disease in the last seven years. The fact was that within that period he had been sick with pneumonia for 10 days, and had also had a sunstroke on another occasion, which laid him up for 8 or 10 days. There was other evidence, however, to show that during the time so covered he was, as a rule, a strong, healthy man, doing severe manual labor. The company asked for binding instructions, but the court submitted it to the jury to say whether these were severe sicknesses within the meaning of the policy, which should have been disclosed to the company, and a finding in the plaintiff's favor was sustained. In Bancroft v. Home Benefit Association, 120 N. Y. 14, 23 N. E. 997, 8 L. R. A. 68, to the question in the application, "Have you received any wound, hurt, or serious bodily injury?" the insured had answered, "No." The proof was that while fencing he had received a thrust or blow on the throat from the point of a foil, which produced a wound, and caused the raising of some blood, as the result of which he was confined to his bed for about three days. It was held that the words "hurt" or "wound," as used in the application, meant an injury causing an impairment of health or strength, or rendering the person more liable to contract disease, or less able to resist its effects; and, as no such result followed from the injury in question, it did not fall within the terms of the policy. So, in Standard Insurance Company v. Martin, 133 Ind. 376, 33 N. E. 105, the insured warranted that he had never been physically injured, nor had any "bodily or mental infirmity." The evidence was that while a boy he had received an injury to the left foot, and was afterwards seriously injured in the right leg. The jury found, however, that both foot and leg became well and strong, and that he had as complete use of them as ever, and it was held that, according to the reasonable interpretation of the application, the decedent did no more than represent that he was free at the time from any serious physical injury, and that any which he had previously suffered had disappeared, and left no trace that would render him unfit for accident insurance. In Insurance Company v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617, one of the questions in the application was whether the insured had ever had any serious illness or personal injury, and it was shown that 10 years before she had been seriously injured by

falling from a tree. The jury were instructed that, if the effects were temporary, and had entirely passed away, and were not such as to impair her health or shorten her life, the failure to disclose the occurrence did not avoid the policy; and this was affirmed by the Supreme Court. To substantially the same effect are Insurance Company v. Trefz, 104 U. S. 197, 26 L. Ed. 708; Bernays v. United States Accident Association (C. C.) 45 Fed. 455; and Home Insurance Company v. Gillespie, 110 Pa. 84, 1 Atl. 340. These decisions serve to show the position taken by the courts with regard to this class of cases, and just how far they are prepared to go. They sustain the views expressed above that an injury or infirmity, the existence of which constitutes a breach of the warranty, must be such as amounts to an actual inroad upon the physical health or condition of the insured, and that this, as a rule, is a question for the jury.

It is said, however, that the insured had obtained a pension from the government on the strength of his wound, which had been increased a few years before because of resulting vertigo and impaired vision. But the mere reception of a pension did not establish that he was affected with a bodily infirmity, but only that it had been so represented by him to the pension department. However far in that direction this may have gone, it is not conclusive on the question of the existence of a disability regardless of the other proofs. New Home Life Association v. Owen, 39 Ill. App. 413. It is no doubt evidence upon the subject which the administrator has to face, and it may be difficult to persuade a jury that the decedent could draw the pension which he did and yet be free from any serious bodily ailment. But even on the most disadvantageous showing it amounts to no more than a declaration or statement by the decedent, which, like any other, it is for the jury to consider and pass upon along with the other evidence; nor are we prepared to say that a verdict contrary to it could not be sustained.

The judgment is reversed, and a venire facias de novo awarded.