George D. Foster, Appellee, v. North American Accident Insurance Company, Appellant.

INSURANCE: Construction of Policy—Accident Insurance—Limitation of Liability—''Disability Resulting from Paralysis.'' The
1 limited liability provided in an accident insurance policy, ''in the event of disability, due to either accident or illness, resulting wholly or in part, directly or indirectly, *from*   .   .   .   paralysis,'' does not apply if the paralysis (which *was* the disability) *was caused by the accident.*

INSURANCE: Construction of Policy—Accident Insurance—Strict
2 Construction. Construction is most strongly against the one who used the words. So held in the construction of an accident policy providing for limited liability in event of disability ''resulting from paralysis.''

*Appeal from Lee District Court.*—W. S. Hamilton, Judge.

Saturday, June 24, 1916.

Action at law upon a policy of accident insurance issued by defendant to the plaintiff. Upon the issues joined, the case was tried to a jury, resulting in a verdict for plaintiff in the sum of $819. Defendant appeals.—*Affirmed.*

*Edward St. Clair* and *Craig & Sprowls,* for appellant.

*Hollingsworth & Blood,* for appellee.

Deemer, J.—The policy issued to plaintiff, provided indemnity for accidents through external, violent and purely accidental means. The promised indemnity covered not only death and loss of bodily members, but also

1. INSURANCE: construction of policy: accident insurance: "disability resulting from paralysis."

disability resulting from accidental means, at the rate of $35 per month, for not exceeding 24 months. The policy contained this clause:

''In the event of disability, due to either

accident or illness, resulting wholly or in part, directly or indirectly, from any chronic disease or infirmity, from tuberculosis, cancer, rheumatism, paralysis, apoplexy, orchitis, neuritis, locomotor ataxia, lumbago, strains, lame back, sciatica, vaccination, Bright's disease, dementia, insanity, neurasthenia, hernia, or in the event of any accidental injury otherwise covered by this policy resulting in hernia; surgical operations not necessitated solely by injury covered under this policy, and made within 90 days from date of accident, then and in all such cases referred to in this paragraph, the limit of time for which indemnity shall be payable for loss resulting from the cause aforesaid, shall be not to exceed one month in any one policy year, in the manner and at the rate which would otherwise be payable under this policy, anything to the contrary herein notwithstanding.''

Plaintiff claims that, while he was riding in an automobile, the car, running at a high rate of speed, went over a bump in the road, and that he was bounced from the back seat in which he was riding, in such a manner that his head struck one of the bows in the top of the auto, and that he was thrown back in such a manner as to alight upon a doctor's surgical case which was in the bottom of the machine, and that the injuries he received resulted in paralysis, or partial paralysis, from which he suffered for several months. He asked judgment for the time lost, at the rate fixed in the policy.

The defendant pleaded the stipulation in the policy which we have quoted in full, and averred that plaintiff did not suffer the injury claimed by him, and that, if he did suffer some injury, it was inconsequential in character, and that what he really suffered from, was paralysis, and that his loss of time was due either directly or indirectly to paralysis. It admitted its liability to the extent of $35, and this, it offered to pay.

On these issues, the case was tried, resulting in a verdict and judgment for plaintiff in the amount claimed by him. The trial court submitted to the jury the question as to

whether or not plaintiff did suffer the. accidental external bodily injury as claimed, which, directly and independently of all other causes, resulted in his loss of time or business, and then instructed as follows:

"The policy of insurance sued upon in this case provides, among other provisions, that, in the event of disability due to either accident or illness, resulting wholly or in part from paralysis, the limit of time for which indemnity shall be payable for loss resulting from said cause shall be not to exceed one month in any one policy year, in the manner and at the rate which would otherwise be payable under this policy. In this connection you are instructed that, if the disability of plaintiff, if any, resulted from paralysis and not from the alleged accident, your verdict must be in favor of the plaintiff for the sum of $35. On the other hand, if the said disability resulted from the alleged accident and not from paralysis, then your verdict should be in favor of the plaintiff for such sum as he has established under the evidence he is entitled to, not exceeding the amount claimed by him in his petition."

This latter instruction is challenged, and it is strenuously insisted that, under the record, plaintiff's recovery should, in any event, have been limited to $35. The argument revolves around this central proposition, and all else is disposed of when that question is settled. It is claimed, however, that the testimony shows that plaintiff could not have been paralyzed from the blows and bumps that he received in the accident, and that the motion for a new trial should have been sustained on this ground. A review of the record satisfies us that this was a jury question, and that we should not interfere. The experts were not all with defendant's theory of the case. Again, the jury was authorized to find that plaintiff struck the surgeon's case, which was in the tonneau of the car, in such a manner as that injury may have been done to his spine, so as to produce the results which he claims to have suffered.

But appellant, relying upon the provision from which we have quoted, boldly asserts that, even if the paralysis resulted from accidental, violent and external means, still, if this resulted in hemiplegia or paraplegia, there can be no recovery of more than $35. This claim is bottomed upon the wording of the policy quoted, the central thought being that, if the accident resulted wholly or in part, directly or indirectly, from paralysis or apoplexy, recovery is limited to $35.

2. INSURANCE: construction of policy: accident insurance: strict construction.

This is a strained construction of the language used. The term "due to either accident or illness," has relation to the subject of disability, and the clause "resulting . . . from paralysis, apoplexy," etc., has reference to the disability, and not to the accident or illness. In other words, the proper construction of the clause is that, if a disability due to accident results from paralysis, etc., then there is a limited liability. But, if it results in paralysis, apoplexy, etc., then there is full liability. Counsel state the whole case when they say that appellant is not liable for more than $35, if, as a result of an accident, plaintiff was paralyzed, and thus disabled. They say that the term "resulting from," etc., should be referred back to its immediate antecedent, "accident," and not to the more remote one, "disability." But this rule is not of universal application, and, at most, is a mere rule of construction, yielding always to the context, and the connection in which it is used.

It will be observed that the term used is "resulting from," and not "resulting in." An accident may, of course, result from a given cause, but it results in certain effects. As applied to disability, the words have a somewhat different significance. Insurance contracts, if susceptible of two constructions, are given that one most favorable to the assured. With this rule in mind, we have little hesitation in saying that, if an accident results in paralysis or apoplexy, the disability is due to an accident; while, if the accident resulted from paralysis or

apoplexy, the disability should not be construed as arising from an accident. Cases relied upon by appellant do not seem to be in point. The nearest one is *Kelsey v. Continental Casualty Co.,* 131 Iowa 207. But that opinion was overruled in the more recent case of *Berry v. United Commercial Travelers,* 172 Iowa 429. In *Keen v. Continental Cas. Co.,* 175 Iowa 513, the language was "resulting in," and not "from." See, also, *Binder v. National Mas. Accident Assn.,* 127 Iowa 25. The law of the case is so well settled in *Berry's* case, and some of the more recent ones, that there is no need to elaborate the discussion. In the light of these rules, it is apparent that defendant's complaint of the instructions is without merit. If anything, they were more favorable to it than the facts would warrant. No error appears, and the judgment must be, and it is—*Affirmed.*

EVANS, C. J., GAYNOR and PRESTON, JJ., concur.