SPRAGUE ELECTRIC COMPANY v. BOARD OF COUNTY
COMMISSIONERS OF HENNEPIN COUNTY.[1]

May 24, 1901.

Nos. 12,053—(3).

**Contract Construed.**

*Held,* that a provision in a contract that plaintiff should replace during a specified period portions of the elevators that had worn out in the Hennepin county court house had not been changed or modified by a subsequent provision of the same agreement.

**Writing in Printed Form.**

The insertion of written words in a printed form, evidencing a contract, is entitled to more weight in its construction than the printed or typewritten provisions of the same.

Action in the district court for Hennepin county to recover $650.15 for goods sold and delivered at defendant's instance and

1 Reported in 86 N. W. 332.

request, being renewal parts and fittings for the county court house elevators. The case was tried before Brooks, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Koon, Whelan & Bennett,* for appellant.

*Fred H. Boardman,* County Attorney, and *C. L. Smith,* Assistant County Attorney, for respondent.

LOVELY, J.

The plaintiff presented a bill to the board of commissioners of Hennepin county for certain items to replace materials worn out in the use of the elevators in its court house. The bill was allowed. Appeal was taken from such allowance to the district court, before whom the cause was tried, resulting in findings of fact favorable to the defendant. A motion for a new trial was overruled, from which order plaintiff appeals.

There are a large number of assignments of error, involving really but one substantial controversy in the case, which arises upon the construction of the provision in the contract or guaranty to the board of court-house and city hall commissioners, provided for in Sp. Laws 1887, c. 395, which was enacted by the legislature of that year, for the purpose of securing co-operation in the building of the city hall for Minneapolis and the court house for Hennepin county. The board of court house and city hall commissioners, under the terms of this act, were authorized to contract for the buildings referred to, issue bonds for the construction of the same, and upon the completion of the work apportion the obligations of the city and county, respectively. Under the authority of this law, the corporation entered into an agreement in writing with the plaintiff, providing for the placing in the buildings of certain elevators for the use of the city and county, respectively. The important provision which, in our view, controls the disposition of this case, provided that

"Every part of the elevator shall be erected in a substantial manner, and guaranteed to be free from defects in material or in workmanship. We [plaintiff] will replace any part that wears out, or which shows structural defects within five years from the date of completion of the work."

In passing, we note the fact that the words "that wears out" were interlined between formal printed words in the contract and written in ink. Within the period of five years the engineer of the building in charge of the elevators demanded and received from the plaintiff material portions of the elevators which had worn out, and which are the subject of the charges made by the plaintiff in this case.

The sole question before us is whether, under the provisions of the contract above referred to, the plaintiff was entitled to have pay from the county. Under the provisions of chapter 395 above referred to, at the times these materials were furnished the county had not received a deed from the board of city hall and court house commissioners, but was occupying the county portion of the structure by a lease, under which a nominal rent was paid, and the rights of the court house and city hall commissioners were assured to the county, which had the legal right to avail itself of the beneficial provisions of the contract referred to; from which it follows that, if by the terms of the same it was the duty of the Sprague Electric Company to furnish the materials to be replaced without charge as a part of such contract, the findings of the trial court should be sustained.

It is claimed that the provisions of the contract above quoted were superseded by a subsequent typewritten provision, wherein the contractor agreed to replace all parts that within a prescribed period, in the judgment of the court house commissioners, should "show structural defect or undue wear." We do not think there is any inconsistency between the two guaranties, for parts that actually wear out in a specified time may not necessarily show undue wear, or those that show undue wear may not necessarily wear out within that time; but, if there were any inconsistency in the terms of the contract in this respect, it is clear that practical stress was by the contracting parties given to the provision which prescribed the right to have the portions of the elevator machinery which did wear out replaced. The words "wears out," which were deliberately written in the contract, effect this result, and were given impressive consideration when written in ink in the printed form. It is elementary that in such cases more force is

to be given to such written insertions, since they are presumed to express the deliberate intention of the parties more fully than the adopted provisions of printed, or even typewritten, forms.

The facts which we have stated were found in favor of defendant upon sufficient evidence, and the order appealed from is affirmed.