CLARK IMPLEMENT CO., Respondent, v. PRIEBE, Appellant.

(219 N. W. 475.)

(File No. 5856. Opinion filed May 19, 1928.)

*House & Eastman,* of Chamberlain, for Appellant.

*Brown & Brown,* of Chamberlain, for Respondent.

MISER, C. This is an action for the foreclosure of a chattel mortgage on a tractor, in part payment of which notes secured thereby were given. Defendant admitted the execution of the notes and chattel mortgage, but alleged that said tractor was not as represented; that, at the time the tractor was delivered, defendant discovered said defects and, upon discovery, refused to take the tractor; that the agent of the company thereupon requested the defendant to take the tractor to defendant's farm, promising that plaintiff would send its expert to fix the tractor; that the plaintiff did send its expert to fix the tractor on several occasions, but that

they were unable to place it in good working order; and that thereupon plaintiff repudiated its deal with defendant, refused to have anything further to do with the tractor or to furnish repairs; and the defendant asked judgment that the note sued on be delivered up and canceled, and that defendant have judgment against the plaintiff for the amount paid by the defendant upon the contract price.

The order for the tractor signed, and a copy thereof kept, by defendant, recited that the tractor was purchased under the warranty printed on the back of said order. It warranted the tractor to be of good material, well made, and, with proper management, capable of doing as good work as similar articles of other manufacturers; that, if it should fail to fill such warranty, written notice should be given to the company; *that, if the defective machinery could not then be made to fill the warranty, it should be returned by the purchaser to the place where received and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machinery returned and no further claim made on the Clark Implement Company.* The order for the tractor contained a provision that no promise of agent, employee, or attorney concerning the tractor, the working of or warranty thereon, should be binding upon the corporation unless made and ratified in writing by an executive officer at its home office, and any assistance rendered by any local agent or expert after the warranty had been waived or fulfilled should be deemed purely voluntary and should not operate as an extension or revival of said warranty.

The court found that defendant had executed said notes on May 6, 1921, together with another note for $1,000, secured by the said mortgage; that no warranty other than the written warranty hereinbefore stated was made by plaintiff in regard to the tractor; that the tractor was shipped to Chamberlain, where it was received by the defendant and taken by him to his farm 20 miles distant therefrom; that, soon after starting the engine at Chamberlain, defendant and Neary, the agent of the plaintiff, who was there present, found that it did not work well; and that Neary promised to send a man to fix it; that, a few days later, the man came, but thereafter the machine did not work satisfactorily, of which defendant advised Neary; that two weeks later the repairman again

put in some new parts at defendant's request; that thereafter the machine failed to work satisfactorily, but defendant continued to use it for grading roads, putting in crops and threshing for himself and neighbors; and that he did not, at any time before the commencement of the action, offer to return it or notify plaintiff or any of its agents of any return or desire to return it. And the court concluded therefrom·that the plaintiff was entitled to judgment for the amount of said notes and for the foreclosure of said mortgage, and judgment was entered accordingly.

Appellant contends that certain oral statements made by Neary prior to the signing of the written order, and certain statements in catalogues that defendant claims he had seen before signing the order, constituted an additional warranty. But section 860, Rev. Code, provides that:

"The execution of a contract in writing, * * * supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." ·· ·

See also, Farmers'·Elevator Co. v. Swier. 50 S. D. 436, 210 N. W. 671, 673; Midwey, etc., Co. v. Foley, 51 S. D. 288, 213 N. W. 507.

In Plano Mfg. Co. v. Root,·3 N. D. 165, 54 N. W. 924, the order for the machine recited that it was bought under the warranty annexed to the order; the warranty stated that the machine was well made, of good materials, and, with proper care and management, was capable of doing as good work as any other machine in the market. The court said that the burden was on defendant to show a breach of the warranty; and even then he could not defeat the action without showing that he had complied with the conditions of the warranty to be performed on his part, and had rescinded the contract, or had sustained damages by reason of such breach of warranty equal to or exceeding plaintiff's claim. The court says:

"The contract does not give the defendant the unrestricted right to rescind in case the machine fails to comply with the terms of the warranty. After written notice the company is to have a chance to remedy the defect; and then, if it will not do good work, the defendant has for the first time a right to return the machine. Even then he cannot insist that he should have back his money or his notes, or treat the contract as ended and his liability as extin-

guished. The company has the option to agree to this, or to furnish a new machine in the place of the defective one."

To the same effect is Purcell v. International Harvester Co., 37 S. D. 517, 523, 159 N. W. 47, 49, wherein this court says:

"Good faith requires that both parties substantially live up to and fulfill their agreements with relation to such contracts. This contract specifically provides that if the engine could not be made to work well, the purchaser shall immediately return it to the agent from whom it was purchased, and the failure to so return the engine as above specified shall operate as an acceptance of it and fulfillment of said warranty. It is not necessary for us to determine whether the notices to the Chicago office of defendants were waived or not; but it is sure that, at least by the 8th day of September, 1914, the appellant knew, if he ever knew at all, that said engine did not comply with the warranty, and that the experts could not make it so comply. Under the contract it was his plain duty, upon discovering that it did not comply with the warranty and could not be made to do so, to have returned this machinery immediately, which did not mean about forty days thereafter. Brown v. Russell, 105 Ind. 46, 4 N. E. 428."

In the view which we take of this case, it is unnecessary to consider whether or not there was any other warranty than the written warranty on the back of the order for machinery, for, in any event, the conditions of that written contract have not been modified by parol, and it is equally certain that appellant herein did not comply with the conditions required of him by the warranty. Conceding, but not deciding, that the necessity of notice by registered letter was obviated by the acts of Neary, yet the warranty further provided that, if the machinery could not be made to fill the warranty, it should be returned by the purchaser to the place where received and another furnished on the same terms of warranty, or money and notes to the amount represented by the defective machinery shall be returned and no further claim made on the Clark Implement Company. The evidence shows without any contradiction that there was never any return of the machinery by the purchaser. It was delivered to the purchaser at Chamberlain. There he received it; but he never returned it to Chamberlain, nor has he returned it to the implement company at any place. Neither in his first letter to the company written 13

months after delivery of the tractor, nor in his two subsequent letters—one to the company and one to the manufacturer—does he offer to return it. On the contrary, although the tractor was delivered in May, 1921, appellant was still using it in 1923. The defendant in the case at bar, having by his own contract in writing, signed by himself, made return and replacement of defective parts or rescission of the contract the exclusive remedy for failure of the tractor to work as warranted, can not have any offset or claim for damages to reduce the amount due from him on the notes. According to his own testimony, he was aware of the defects in the tractor on May 9th, 1921; yet he proceeded to take it 20 miles to his farm and put it to work immediately at heavy road work. Twice within three weeks, Neary sent an expert to put it in repair. Still it would not work satisfactorily, but, instead of returning the tractor after this second unsuccessful attempt to remedy it, thereby giving to plaintiff the option of supplying him with a new machine under the same warranty, or of returning his notes, defendant kept the machine, and, after suit was begun, made in his answer a conditional offer of return keeping the tractor on his own farm.

It is apparent that the defense of rescission has failed, for the evidence clearly shows that the defendant has not done the things he himself contracted to do. As was said by this court in Northwest Thresher Co. v. Mehlhoff, 23 S. D. 476, 479, 122 N. W. 428, 429:

"The provisions of the order in question were valid and binding on both parties, and, as long as purchasers will sign these orders, they must abide by them."

Under the evidence, no other findings could have been made than were made; and no useful purpose would be served by considering, in this opinion, the alleged errors which are the basis of appellant's other assignments.

The judgment and order of the trial court are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.

BROWN, J., disqualified and not sitting.