The following opinion, supplemental to that of April 1, 1929, reported at 67 C. Cls. 348, was delivered by GkeeN, Judge, December 2, 1929, on plaintiff’s motion for new trial:
The brief of the plaintiff on motion for a new trial correctly states that the opinon herein was rendered upon a *575 question which was not discussed by counsel on either side. The plaintiff has therefore properly presented a brief and argument upon this question, and we think that under the circumstances an opinion should be rendered upon consideration of this argument.
The original opinion held that a paragraph near the close of the contract of settlement was repugnant to the body of the contract and if enforced would nullify the whole of the instrument. This paragraph is set out in the original opinion, but as it is the basis of this opinion also, we quote it again as follows:
“ Neither this offer of compromise, nor any payment made or action taken thereunder, shall be used as an admission by, or offered in evidence against, Herbert Du Puy, Amy H. Du Puy, Morewood Realty Holding Company, Lansing Realty Holding Company, or Goodwin Sand & Gravel Company, or their successor or successors, or representatives, or any of them in any future action or proceeding of any nature whatsoever.”
Counsel for plaintiff seem to concede in argument the correctness of the rule quoted from Bishop on Contracts, and stated in the original opinion as follows:
“ If the main body of the writing is followed by a proviso wholly repugnant thereto, it must necessarily be rejected, because otherwise the entire contract will be rendered null; * *
It is now contended by counsel for plaintiff that the entire contract was not rendered null by this clause, and it is said in the brief of counsel that—
“ The court is not ousted of jurisdiction to define the relative obligations between the parties.”
This may be conceded. Both before and after the contract was signed, and whether it be held to be a nullity or not, this court has jurisdiction to define the relative obligations between the parties, and it has done so.
It is also said that—
“ On the contrary, the parties have agreed to invest the court with jurisdiction to determine the legality of the taxes which, but for the presence of this clause, the court might be deemed foreclosed from determining.”
*576 Blit this sort of reasoning would prevent the rule of law upon which the case was decided from ever applying in any case. The main body of- the contract did indeed foreclose the court from passing on the legality of the taxes. The nullifying clause, if put in force and effect, prevented the contract from being used, offered in evidence, or considered by the court. In other words, the whole matter stood just as if the contract had never been executed. The paragraph in question did not invest the court with jurisdiction; it had that already. In fact it made no attempt to do so. If held valid, the result was to make the whole contract of no effect by preventing the court from considering it. As said in the original opinion, it would make the contract a mere scrap of paper as to which the court could only decide that it had no effect on the case or the legal relations of the parties.
It is also argued that the terms of the compromise did not include the taxes in question but only the penalties assessed against the plaintiff. This is directly contrary to the language used in the letter which set out the terms of the settlement. In this connection see also the case of Ely & Walker Dry Goods Co. v. United States, 34 Fed. (2d) 429 (a case in which a settlement was involved), holding that under the act of 1918, the penalty became part of the tax and together therewith constituted a single liability.
. We think it quite clear that the paragraph in question nullified the main body of the contract and entirely destroyed its only purpose, which was to settle entirely the controversy over taxes between plaintiff and defendant. The motion for a new trial must therefore be overruled.
Williams, Judge, and LittletoN, Judge, did not hear and took no part in the decision of this case.
GRAitaM, Judge, and Booth, Chief Justice, concur.