ADVANCE RUMELY THRESHER CO., Respondent, v. ANDERSON, Appellant.

(230 N. W. 761.)

(File No. 6881. Opinion filed May 10, 1930.)

O'Keeffe & Stephens, of Pierre, and *Tait & Morgan,* of Gettysburg, for Appellant.

*Williamson, Smith & Williamson,* of Aberdeen, for Respondent.

BROWN, P. J. Action on notes given for the purchase price of a tractor and to foreclose chattel mortgage securing the notes. From a judgment on a directed verdict in favor of plaintiff, defendant appeals. Defendant gave a written order for the tractor which contained a warranty that the "machinery is warranted to be well made and of good material, and with proper use capable of doing as good work as any other machine of the same kind, size and rated capacity, working under like conditions." The order also contained a clause that the purchaser should not be entitled to rely upon a breach of the above warranty or to rescind the contract or to any claim or set-off unless notice of the breach was given by registered letter addressed to the vendor at its head office within four days after discovery thereof; and if the vendor failed to remedy the defect, the purchaser should immediately return the machine to the place from which it was received, and give the vendor immediate notice of the return by registered letter mailed to the vendor at La Porte, Ind., and also to its branch office in the territory where the machinery was sold, whereupon money and security given by the purchaser on account of the purchase price should be returned and the vendor released from all further claim, and that such return of goods "shall constitute the sole and exclusive remedy of the purchaser," and failure to so return the goods shall operate as an acceptance of the goods and the fulfillment of the warranty in every particular. The order contained the further stipulation that no warranty or conditions, other than those ex-

pressed therein, should be binding upon either party, unless in writing signed by the purchaser and accepted by the vendor. In this answer defendant set up the warranty herein quoted and alleged failure of the tractor to comply with the warranty; that it was so poorly constructed and of such poor material that it would not develop the power required of such tractor; that when put in operation the bearings of the motor and the pistons and cylinders became worn within two or three days; that the tractor was so constructed as to permit great quantities of dirt to get into the crank case, whereby the lubricating oil became so mixed with dirt that it was impossible to make the tractor go; and that the tractor was wholly worthless; that as soon as the defects became known, plaintiff was notified thereof, and attempted to remedy them, but was unable to do so; that defendant has retained the tractor for the use of the plaintiff, and has offered to return it to plaintiff. The answer further alleges, at great length, additional representations and warranties made by plaintiff's agent at the time of taking and prior to the signing of the order for the tractor; that the agent assured defendant that the written order contained all that he had orally represented, and defendant relied on such assurances and signed the order without reading it; and that the tractor failed to comply with any of such representations. At the trial plaintiff, having offered in evidence the notes and chattel mortgage sued on, objected to the introduction of any evidence on behalf of defendant on the ground that the answer stated no defense, which objection was sustained, whereupon defendant made an offer of proof covering twenty pages of the printed record, and which offer in substance was that defendant expected to break up from six to seven hundred acres of prairie sod and made this known to plaintiff's agent Hartman, who solicited and urged defendant to buy the tractor, and said and represented to him that in this tractor plaintiff had overcome and remedied all imperfections in previous models; that it was better than the Hart-Parr tractor which defendant contemplated buying; that it was so constructed as to make it impossible for dirt to get into any of the working parts; that it would pull four breaking plows in sod on intermediate gear, and five plows in old ground more than six inches deep, and would stand up under constant use on either load; that defendant had no personal knowledge or information as to the construction of the tractor

and believed and relied upon Hartman's representations in signing the order for the tractor and would not otherwise have signed it; that the order was prepared for his signature by plaintiff's agent and he signed it without reading it believing that it was a written contract containing the representations that had been made by the agent as herein set forth; that the machine was delivered to defendant at Gettysburg on April 5, 1926, and that he signed the note sued on as part of the purchase price for the tractor and guide described in the order; that he took the tractor to his farm about nine miles from Gettysburg, and on the third day of its use it developed a knock in the motor which became worse on further use, and other defects appeared, all of which were reported to the agent, who came and found that a large quantity of dirt had got into the crank case; that after attempts to remedy the defects by plaintiff's agents and workmen, and by putting in new parts in place of parts that had become worn by the friction and abrasion of the dirt in the oil, the tractor still continued to develop defects and to get large quantities of dirt mixed with the oil in the crank case, and that the tractor was in fact worthless; that it did not comply either with the oral representations or with the warranty contained in the written order, and that he so notified the agents and also notified plaintiff directly by letter addressed to plaintiff at La Porte, Ind., May 27, 1926; that thereafter about the middle of June several men representing plaintiff came to defendant's farm and examined the tractor, and thereafter certain new parts consisting of bearings and wrist-pins were received by defendant, but were not then used by him, as he discontinued the use of the tractor that season about June 22d, and that he made no further use of it until in the fall of 1927, when he used it for twenty days for threshing and pulling a 28-inch separator; that this was the first use he had made of it since the last repairs made by plaintiff the previous year, and that in doing this twenty days' threshing, connecting rod bearings had to be taken up three times, valves had to be ground, and dirt got into the crank case to such an extent that he had to change lubricating oil every day it was used. Objection to the offer was sustained. The jury returned a verdict as directed by the court. The court also made findings of facts and conclusions of law in favor of plaintiff, upon which the judgment was based. It may be observed that the offer of proof was not

as broad as the answer in some respects, noticeably in that it does not claim that plaintiff's agent made any representation that the order in writing for the machinery contained in substance the oral agreement that defendant claims was made prior to signing the order, nor is there anything in the offer suggesting that the agent made any representation whatever as to the contents of the order, unless the mere handing it to defendant for his signature can be said to be an implied representation that it contained substantially all of the claimed oral representations.

·A number of letters made part of defendant's offer of proof show that defendant is a man of at least a good education, and he conducts farming operations on a large scale, and if it be conceded that he was entitled to rely upon the representations of the agent, who sold him the tractor, and was justified in signing the written order or contract without reading it, in reliance upon the supposition or belief that it contained all of the statements the agent had made in regard to the quality of the tractor, yet nevertheless it appears, from a letter that he wrote to plaintiff on August 12, 1926, that he had then read the contract, for in the letter he says, in regard to a request which plaintiff had made for the payment of one of the notes which was then due: "Will say that when you put your engine up in shape to comply with your contract or agreement this note will be paid. Up to this time you have failed to do so therefore I consider the engine to be your property. The part of the contract I have reference to is that your engine is to be well made, of good material, and with proper use capable of doing as good work as any other machine of same kind and rated capacity, working under like conditions." It is clear from this letter that at this time plaintiff had read the contract and was familiar with its terms. He did not repudiate the written contract then, nor did he then make any claim that his signature had been induced by fraudulent representations of plaintiff's agent. Instead, he claimed to stand upon the written contract, and said that when plaintiff made the tractor comply with that contract he would pay the note. But the terms of this contract required him, if the tractor did not come up to the warranty therein contained, and after notice thereof was not made to comply with the warranty, to return it to Gettysburg, S. D.; that being the place where he received it. This he did not do, but instead offered to prove that he had written plain-

tiff that he considered the engine to be its property. We can see no difference between the facts in this case and those in Clark Implement Co. v. Priebe, 52 S. D. 606, 219 N. W. 475, that would warrant the application of any different rule of law than was followed in that case. In the instant case the written contract provided that to return the goods and recover the money paid or notes and security given "shall constitute the sole and exclusive remedy of the purchaser" for failure of the tractor to comply with the warranty. Defendant not only failed to return the tractor, but kept it, and made use of it a year after he had learned it would not comply with either the written warranty or his claimed oral warranty. As to the claim of fraud, by which he says his signature to the written contract was obtained, and which defendant contends differentiates his case from Clark Implement Co. v. Priebe, by his retention of the tractor and use of it a year after he discovered the fraud, where, as here, his sole remedy is rescission, he has waived the right to raise the question of fraud. J. I. Case Threshing Mach. Co. v. Copren Bros., 45 Cal. App. 159, 187 P. 772.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.