FLEMING, et al, Respondents, v. ADVANCE-RUMELY
THRESHER CO., Appellant.

(240 N. W. 203.)

(File No. 7217.   Opinion filed January 16, 1932.) ·

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant.
*Roger Campbell,* of Aberdeen, for Respondents.

WARREN, J.   Action by plaintiffs for the cancellation and surrender of certain promissory notes held by the defendant and for a rescission of a certain contract for the purchase of a tractor and return to them for all sums paid to the defendant.   The defendant interposed an answer alleging the sale of two different tractors, and the existence of certain promissory notes and chattel mortgages securing the payment of said notes.   This action was

tried to a jury. The jury returned a verdict in favor of the plaintiffs for the cancellation of all the notes and damages in the sum of $60. The court made findings, conclusions, and a judgment in favor of plaintiffs.

The plaintiffs in 1926 purchased from defendant what is known as a 20-35 tractor and gave certain promissory notes for the payment of the purchase price, and at the time of the trial, it did appear that certain payments had been made upon some of the notes. The plaintiffs on September 1, 1927, executed and delivered a written order to defendant for a 25-45 Oil Pull tractor giving three promissory notes in the principal sum of $586 each, due October 1, 1927, October 1, 1928, and October 1, 1929, respectively, and in addition, the 1926 tractor was delivered to the defendant and taken in in trade. Plaintiffs also executed a chattel mortgage to defendant on the machinery securing not only the three above-described notes but also two of the promissory notes of $673 each, delivered to the defendant theretofore on August 4, 1926, in part payment of the first tractor. At the time of the purchase of the second tractor, defendant's agents represented to the plaintiffs that they would deliver to plaintiffs a new tractor from the branch office at Aberdeen, and that the new tractor model had an open flywheel instead of a closed, and, further, the defendant was changing the position of the expansion tank on the new models.

The tractor was delivered to the plaintiffs in September, 1927, and they used it continually during the fall for their farm work. On January 30, 1928, certain of plaintiffs' promissory notes were past due. At that time the plaintiffs executed an agreement for an extension of time in payment in consideration of a release of all claims against the company.

The plaintiffs in the prayer to their amended complain seek to return the tractor, cancel and surrender the unpaid notes, and to have judgment against the defendant for rescission of the said contract, and a return to them of all. sums paid to the defendant with interest.

The plaintiffs complained of the engine giving trouble in the spring of 1928; they thought that they might have a secondhand tractor, yet nothing was done to give defendant notice.

In December, 1928, when the defendant was about to institute foreclosure proceedings, the plaintiffs offered to return the tractor

if they would return the notes. Immediately thereafter the plain- tiffs started this action and later amended their complaint to its present form, claiming that the tractor was a second-hand machine.

It was during the early months of 1928 that Fleming, being pressed for payments, made and executed the agreement referred to above whereby, in consideration of the extension of time in payments, the plaintiffs acknowledged full satisfaction and settlement of all demands of any nature whatsoever against the defendant, and at this time he told John Nichols, the company's agent, that he had a secondhand machine. He testified as follows: "I never said a word to Mr. Crosby about having a second-hand machine. I told John Nichols, the agent, the time he was down there in 1928 with papers about renewing the note." In August, 1928, he talked with the representatives at the defendant's shops in Aberdeen. In December, 1928, the defendant began proceedings to foreclose its mortgage on the machine. Plaintiff Fleming shortly thereafter went to Aberdeen to see the representative of the defendant to see if he could make some arrangement whereby he could return the machine and obtain return of his notes. He made no mention at that time of any claim that the machine was secondhand. When he was not able to get satisfaction from the defendant in that regard, the plaintiffs started suit basing their action upon breach of warranty. A year later, they interposed an amended complaint where for the first time they claim fraud.

The defendant contends that the plaintiffs should not be allowed to maintain their action because the plaintiffs failed to act promptly and return or offer to return everything of value received under the contract of purchase, and elect to stand on their contract and retain the tractor. They base their contention upon section 906 of the Revised Code of South Dakota, 1919, which provides:

"Rescission, when not effected by consent can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the party everything of value which

he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

An examination of the facts of the case of Advance Rumely Thresher Co. v. Anderson, 57 S. D. 74, 230 N. W. 761, which are set out in detail in the opinion, tends to show that that case is very similar to the one at bar and supports the defendant's contention that the plaintiffs' action was not brought within a reasonable time.

■ The plaintiffs, as stated previously in the opinion, amended their complaint by adding to their original complaint a cause of action for rescission on the grounds of fraud. The court did not make findings on breach of contract, but made findings covering the allegations of fraud and found that the plaintiffs instituted their action seasonably and within reasonable time after the discovery of the false and fraudulent representations made by defendant as an inducement of the purchase of said tractor. In this we cannot agree. We have hereinbefore reviewed the evidence at some length, and are of the opinion that the plaintiffs did not act with reasonable diligence. Fleming knew the condition of the engine from the time of purchase to the trial of the action; he used it immediately after purchase for plowing and road grading and used it extensively that fall. He used it again in the spring of 1928 for road and grading work, and in the fall of said year he used it for threshing grain for a period of some twenty days. He testified that he felt satisfied that it was a secondhand engine, yet he had made no complaint as to it being secondhand except as to what he claims to have told defendant's agent Nichols, and then continued to use the machine during 1928. In fact, in December, 1928, when the complaint was served, it contained no allegations to the effect that they believed it to be a secondhand engine. The plaintiffs did not inject that element into this action until their amended complaint was served more than a year after the service of the original complaint, to wit, on the 28th day of February, 1930. Then they alleged that the defendant's agents had represented to the plaintiffs that the tractor to be conveyed was a new tractor. The evidence in our opinion does not sustain the findings of fact that the plaintiffs moved within a reasonable time after the discovery of the alleged false and fraudulent character of the representations made as an

inducement to the purchase of said tractor and the execution of the renewal notes.

We therefore hold that from the evidence as presented to us in this case, the plaintiffs have by their failure to exercise reasonable diligence waived the right to maintain their action in rescission predicated upon fraud.

The order and judgment appealed from should be and are hereby reversed, and the cause is remanded, with directions to the trial court to dismiss the complaint and to make findings of fact upon all material issues upon defendant's counterclaim and upon such findings of fact and conclusions of law to make and enter a judgment.

CAMPBELL, P. J., disqualified and not sitting.
POLLEY, ROBERTS, and RUDOLPH, JJ., concur.