## No. 14,958.

### BAUM *v.* NATIONAL FINANCE COMPANY.

(114 P. [2d] 560)

Decided May 12, 1941.   Rehearing denied June 23, 1941.

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, Mr. IRA C. ROTHGERBER, JR., for plaintiff in error.

Messrs. SHUTERAN & ROBINSON, Mr. STEWART A. SHAFER, for defendant in error.

108

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court. They are hereinafter referred to as Baum and the Finance company, respectively. The Great Western Stoker Corporation is referred to as the Stoker company, the Central Savings Bank and Trust Company as the bank, and one Helen Ambrose as Ambrose.

The Finance company, as assignee to collect, sued Baum on a note given the bank to cover an unpaid balance on an "iron fireman" purchased of the Stoker company and installed in an apartment house then owned by Baum. Judgment was for the Finance company for $485.72 which included interest and attorney's fees. To review that judgment Baum prosecutes this writ. His four assignments may properly be treated as one, i. e., the judgment is unsupported by the evidence.

Baum made a down payment on the stoker and the bank furnished the balance for which the note in question was given. Evidencing the sale and its terms and conditions the following document was executed:

"Feby. 25, 1936.

"Referring to Order #145, dated Feby. 13, 1936, for—

"One C-9 Great Western Stoker to be installed in the Aberdeen Apartments at 1224 California St., Denver, Colorado,

"Also our written proposition under date of Feby. 19th, 1936,

"We further agree under these contracts that in the event the Apartment above mentioned is sold during the life of these contracts, that any unpaid balance due the Great Western Stoker Corporation at the time of sale, shall follow the property and become due from the new owner or purchaser, furthermore that the sale shall be subject to the unpaid balance, if any at time of sale and transfer. 'Without any further liability'

"This memorandum and agreement hereby becomes a part of the original Order and subsequent agreement of Feby. 19th, 1936.

"Approved ................, 1936    Great Western Stoker Corp.,
"By M. J. Baum                By R. Riede Pres."

█ The note in suit was dated two days later. It provided for monthly installments of $15.90 until February 27, 1939, at which time the balance became due. About three weeks after the execution of the note Baum contracted to sell the property ·to Ambrose. That contract provided that the sale was subject to a certain encumbrance and taxes, "also subject to a balance of not more than seven hundred dollars ($700.00) due upon iron fireman." The deed executed in compliance with that contract made no mention of the balance due on the stoker. Thereafter a number of monthly payments were made on the note by Ambrose to the bank and duly credited. Later, such payments having been discontinued, the bank sued Ambrose for the balance, apparently without success. It is suggested on the one side that such failure was due to the fact that the court held Ambrose had not assumed and agreed to pay, and on the other that it was due to the failure of the stoker to meet the terms of the guaranty in the matter of performance. We think the reason of that failure is immaterial here. It is admitted that Exhibit 1 was attached to the note in question and it is perfectly clear from the record that the contract of sale of the stoker, the execution of Exhibit 1, and the execution of the note in suit, were all parts of a single transaction, all details of which were at all times known to the Stoker company, the bank, and Baum, as found by the trial court. *Collins v. Shaffer,* 66 Colo. 84, 179 Pac. 152; *Abercrombie v. Bear Canon Co.,* 86 Colo. 169, 279 Pac. 42.

██ The trial court likewise correctly held that the words "without any further liability" were intended by the parties to relieve Baum in case of sale. Where the

correct interpretation of such an instrument is in doubt undisputed interlineations in pen control as against the printed and typewritten portions of the document. Were this all, judgment below would have been for Baum. The court, however, on a point admittedly not argued below, held that Baum was obligated to require his grantee to specifically assume and agree to pay the balance due on the stoker and having failed therein had lost the benefit of the quoted interlineation. With this we do not agree. It may be conceded that without the interlined phrase, or even with it, Exhibit 1 left the intent of the parties in doubt. It is clear, however, that when Baum caused the condition "subject to a balance of not more than seven hundred dollars ($700.00) on an iron fireman" to be inserted in his contract of sale to Ambrose he believed he had discharged whatever duty devolved upon him with respect thereto, and any possible question on that subject was set at rest when the bank thereafter looked to, and accepted payments from, Ambrose, and when those payments stopped brought its action against her for the balance. The Finance company pleads no such contract on the part of Baum as is now insisted upon here. The bank by its conduct has put its interpretation upon the contract and is bound thereby. *Eubanks et al. v. Gonder,* 90 Colo. 44, 6 P. (2d) 3. On this point the trial court was in error.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment for Baum.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.