Kermit H. SEVERSON, d/b/a Cardel Company, Plaintiff,

v.

Marcus FLECK, Defendant.

Civ. No. 3284.

United States District Court
D. North Dakota,
Southwestern Division.

Feb. 27, 1957.

---

1. Section 3653, Internal Revenue Code of 1939; Section 7421, Internal Revenue Code of 1954, 26 U.S.C.A. § 7421.

George E. Duis, Fargo, N. D., and J. F. X. Conmy, Bismarck, N. D., for plaintiff, for his motion for leave to amend.

Kelsch, Scanlon & Kelsch, Mandan, N. D., for defendant's motion.

REGISTER, Chief Judge.

Two motions are now before the Court for determination—plaintiff's motion for permission to serve and file his amended complaint, and defendant's motion for summary judgment for dismissal of this action and the garnishment proceedings had in aid thereof, upon the merits, with prejudice and costs.

This is an action brought by plaintiff to recover $10,000 from defendant, allegedly due and owing as commission under a broker's contract for the sale of the F. M. Motel (located between Bismarck and Mandan, North Dakota) which was sold for the sum of $175,000 by plaintiff for the defendant. The action was originally brought in the District Court of Clay County, Seventh Judicial District, State of Minnesota. It was subsequently removed to the District Court of the United States for the District of Minnesota, Sixth Division, and thereafter transferred to this Court. Jurisdiction is based upon diversity of citizenship; the plaintiff is a citizen of the State of Minnesota, and the defendant is a citizen of the State of North Dakota. The amount in controversy exceeds the requisite amount of $3,000.

At all times involved herein, plaintiff was in the business of selling business properties on a commission basis. On November 17, 1955, a written agreement was executed by and between plaintiff (by F. A. Squires, his duly authorized agent) and defendant. This agreement, dated November 17, 1955, is a printed form, prepared and furnished by the plaintiff. Mr. Squires, as plaintiff's agent, called upon the defendant at his Motel and the said written agreement (being defendant's Exhibit 1) was executed at said time and place.

The agreement is directed to Cardel Company and contains, among other provisions, the following:

"You are hereby appointed my sole and exclusive agent, and as such are authorized to negotiate the sale of, and to sell for me that property listed and scheduled on the back hereof, for the price and terms indicated, or otherwise agreed to in writing by me * * *", and,

"No oral representations contrary to the terms and provisions of this contract shall be binding upon either of the parties hereto unless reduced to writing and signed by each of the parties to this contract".

Such contract, insofar as it relates to the commission to be paid to plaintiff, contains certain provisions which,

for convenience, will be separated into separate clauses as follows:

Clause I: "The price I agree to accept shall be $170,000. net to me."

Clause II: "Any amount you receive above this sum you are to retain as your commission."

Clause III: "I understand that in no event shall your commission be less than ten per cent of total sales price. Such commission shall be based upon the considerations, whether in money or property, or both, bargained for by me."

Clause IV: Under the description of the property listed on the back of the contract appears the following:

"Price, including commissions $185,000.00."

Except for the date, the figure "170,000", the termination date (June 1, 1956), the description and memorandum of the property on the back, and the signatures, the entire contract is in print. The exceptions (other than defendant's signature) are in the handwriting of plaintiff's agent, Mr. Squires. This is the only written contract executed by the parties hereto.

Plaintiff, on or about January 7, 1956, found willing and able purchasers who purchased said motel for $175,000. The purchasers paid to plaintiff $5,000 in cash, which money was retained by plaintiff and applied on account of his commission in accordance with Clause II, recited above. The contract for deed was prepared in Mandan, North Dakota, on January 9, 1956, and was executed by the respective owner (defendant here) and purchasers. The plaintiff was not present, in person or by agent, at the time of execution of the contract for deed. Under the contract, certain property was accepted by the vendor as a part of the consideration and the balance of the purchase price is being paid on a monthly payment basis.

The original complaint is based wholly upon said written contract. The complaint alleges, in part, that "pursuant to written contract the plaintiff was entitled to ten percent of the purchase price as his commission but that plaintiff agreed it would not exceed $15,000." Plaintiff demands $10,000 as balance due over and above the $5,000 he received from the purchaser.

In October, 1956, defendant served interrogatories upon plaintiff, following which plaintiff made his motion for leave to file an amended complaint. This proposed amended complaint contains, in effect, the allegations of the original complaint, including the part quoted above, and in addition thereto the following:

"That thereafter in a subsequent oral agreement at about the time the sale was consummated the parties again agreed that the Plaintiff was to receive a commission of $15,000.00 and the Plaintiff was paid the sum of $5,000.00 earnest money by the purchaser and the parties agreed that there was owing by the Defendant an additional $10,000.00 commission to the Plaintiff. That the Defendant has admitted to various parties that he owes the Plaintiff $10,000.00 additional commission."

The defendant by his answer admits the written contract and the performance by plaintiff, and alleges payment to plaintiff of $5,000 as full commission under said contract and denies further liability.

At the time of oral argument plaintiff requested permission to amend the proposed amended complaint by adding the word "executed" between the words "subsequent" and "oral" so that such amended complaint, as to this, would read "subsequent *executed* oral" agreement. (Emphasis added.)

Also, during oral argument, in response to a direct question from the Court, counsel for plaintiff stated that plaintiff's claim is based wholly upon such alleged "subsequent executed oral" agreement.

The Court will first determine defendant's motion for summary judgment. This motion is made pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Subparagraph (c) of this rule provides that "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *" summary judgment may be entered.

The instrument under consideration being a North Dakota contract, the parties thereto are governed and bound by the laws of this state.

If we proceed upon the theory that plaintiff's cause of action is based solely upon the written contract, as is alleged in the original complaint on file herein, it is the opinion of this Court that defendant's motion for summary judgment should be granted, as there would be no issue of fact to be submitted to a jury. That is, the only issue present would be one of law—whether under the specific terms of the contract, the plaintiff is entitled to an additional sum of $10,000 as commission. The question of liability depends solely upon the interpretation of said contract. This is a question of law for the court to determine. Wier v. Texas Co., D.C., 79 F.Supp. 299; Id., 5 Cir., 180 F.2d 465. The interpretation and construction of this written contract must be governed and based upon certain well-established rules of law.

A contract shall be construed most strongly against those who prepared it. Druhl v. Equitable Life Assur. Soc., 56 N.D. 517, 218 N.W. 220, 60 A.L.R. 962.

"If there be doubt as to the true meaning of a written contract and one of the parties be responsible for the terms employed, it is both just and reasonable that it should be construed most strongly against that party." Christian v. First National Bank, 8 Cir., 155 F. 705.

"It must also be kept in mind that, when a written contract is entirely prepared by one of the parties, and accepted, as thus prepared, by the other, any doubt as to the meaning of its provisions is to be resolved against the party preparing it." Drainage Dist. No. 1 of Lincoln County, Neb. v. Rude, 8 Cir., 21 F.2d 257, 261.

The contract involved in this suit was prepared and furnished by the plaintiff. It consisted almost entirely of printed matter; the handwritten parts thereof, with the exception of defendant's signature, were written thereon by plaintiff's authorized agent, Mr. F. A. Squires. Therefore, any ambiguity or uncertainty which exists should be construed most strongly against plaintiff.

It is apparent that Clause I and Clause III are inconsistent and repugnant to each other, and consequently both cannot be enforced. The sale price was $175,000. Under Clauses I and II, the plaintiff's commission would be $5,000. Under Clause III his commission would be $17,500, leaving the sum of only $157,500 net to the defendant. The provisions of Clauses I, II and IV can be harmonized; Clause III is inconsistent therewith. Under the law as recited above, such ambiguity and inconsistency is the responsibility of plaintiff and will be resolved against him.

It is a general rule of law that where two clauses of an agreement are so inconsistent and repugnant that they cannot stand together, the first will be received and the latter rejected. Du Puy v. United States, 35 F.2d 990, 68 Ct.Cl. 574, and cases cited therein. The Supreme Court of South Dakota, in the case of Dustin v. Interstate Business Men's Acc. Ass'n, 37 S.D. 635, 159 N.W. 395, at page 396, L.R.A.1917B, 319, held that

"Where two clauses of a contract are in conflict with each other the latter must give way to the former".

The rule as expressed above is generally recognized in other jurisdictions. Morgan v. Firestone Tire & Rubber Co. 68 Idaho 506, 201 P.2d 976, and cases cited therein; Klever v. Klever, 333 Mich. 179, 52 N.W.2d 653, and cases cited therein. Manifestly, Clauses I and II precede Clause III; the former will therefore stand and the latter is rejected.

 Another general rule applicable to the construction of this contract is that where a contract is partly written and partly printed, and the written parts are absolutely inconsistent with and repugnant to the printed parts, the written parts will control. Section 9-0716, NDRC of 1943, provides as follows:

"Written Part of Contract Controls Printed Part. When a contract is partly written and partly printed * * * the written parts control the printed parts and the parts which are purely original control those which are copied from a form and if the two are absolutely repugnant the latter must be disregarded insofar as such repugnancy exists."

In Kern v. Kelner, 75 N.D. 292, 27 N.W. 2d 567 at page 573, a case involving this statutory provision, the Supreme Court of North Dakota said:

"If there were any grounds for claiming ambiguity or possibility of conflict between the printed words and the typewritten words the latter would control as showing the deliberate agreement of the parties",

and further, 27 N.W.2d at page 576, on petition for rehearing, the Court concludes,

"* * * if there be a conflict between the printed provision of the contract and the typewritten insertion the typewritten statement prevails."

That this is a well-established rule of law is beyond question. See: Deutschle v. Wilson, 8 Cir., 39 F.2d 406; Hagan v. Scottish Union & National Insurance Company, 186 U.S. 423, 22 S.Ct. 862, 46 L.Ed. 1229; Baum v. National Finance Co., 108 Colo. 107, 114 P.2d 560, 135 A.L.R. 949; and Sprague Electric Co. v. Board of Com'rs of Hennepin County, 83 Minn. 262, 86 N.W. 332.

In the contract under consideration, the net amount to be received by defendant was written in, in longhand, by plaintiff's agent, and is a part of Clause I. This clause being partly written and wholly inconsistent with Clause III, the latter must be rejected and the former (Clause I) controls.

 Plaintiff alleges, in his original complaint, with reference to a commission, that "plaintiff agreed it would not exceed $15,000." The instrument itself specifically negates such oral agreement.

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the contract. Section 9-0607, NDRC 1943. Jensen v. Siegfried, 66 N.D. 222, 263 N.W. 715; Larson v. Wood, 75 N.D. 9, 25 N.W.2d 100; Clark Implement Co. v. Priebe, 52 S.D. 606, 219 N.W. 475." Northwestern Equipment, Inc., v. Tentis, N.D., 74 N.W.2d 832, 839.

Therefore, under the Court's interpretation of this written contract, plaintiff has received his full commission of $5,000 and there is no issue to submit to a jury.

At the time of oral argument on the motions now under consideration, plaintiff's counsel asserted that his client's cause of action is based solely upon a "subsequent executed oral agreement". The Court will, therefore, at this point discuss that theory.

Section 9-0604, NDRC 1943, which section is commonly known as the "Statute of Frauds", specifies that certain contracts are invalid unless in writing. These contracts include an agreement for the sale of real property, or of an

interest therein. Said section further provides that "Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing subscribed by the party sought to be charged".

Section 3–0206, NDRC 1943, provides as follows:

"Form of Authorization. An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing, other than instruments covered in the title Negotiable Instruments, can be given only by an instrument in writing."

Section 47–1001, NDRC 1943, providing a method of transfer of an estate in real property, reads as follows:

"Method of Transfer. An estate in real property, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by his agent thereunto authorized in writing. This does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof."

That a purported contract of sale, entered into with an alleged purchaser by an agent who has only verbal authority from the owner is void has been established by the decisions of the Supreme Court of North Dakota. Ballou v. Bergvendsen, 9 N.D. 285, 83 N.W. 10; Brandrup v. Britten, 11 N.D. 376, 92 N.W. 453; and Halland v. Johnson, 42 N.D. 360, 174 N.W. 874.

Under the Halland decision, supra, a contract entered into between an agent and purchaser cannot be introduced in evidence for the purpose of showing that the agent had produced a purchaser able, ready and willing to buy upon the terms stated in the void contract. The court there held that, the contract of sale being excluded, there remained no competent evidence sufficient to support plaintiff's claim, and therefore remanded the case with instructions to the trial court to enter an order for dismissal of the action.

Defendant's answer contains, in effect, a general denial. The Supreme Court of North Dakota has held that " * * * the statute of frauds pertaining to the sale of real estate is available as a defense under a general denial." Brey v. Lvedt, 74 N.D. 192, 21 N.W.2d 49, 51.

It therefore appears that if plaintiff relies solely upon an alleged oral agreement he cannot recover, for the same is void and there is no issue of fact to submit to a jury.

Plaintiff's cause of action as alleged in his proposed amended complaint is apparently based upon the original written contract as modified and altered by an alleged subsequent executed oral agreement. This theory is consistent with the position of the plaintiff at the time he answered written interrogatories on file herein. Does this theory give rise to an issue of fact to be submitted to a jury? This question must be answered in the negative.

Section 9–0906, NDRC 1943, provides as follows:

"Alteration of Written Contract. A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise."

This statutory rule is not a rule of evidence but is a rule of substantive law. Northwestern Equipment, Inc., v. Tentis, supra, p. 839. Section 9–0906 further provides that:

"An oral agreement is executed within the meaning of this section whenever the party performing has incurred a detriment which he was not obligated by the original contract to incur."

The parties concede that the only written contract in issue is the original contract heretofore referred to and identified as defendant's Exhibit 1. This con-

tract specifically provides that "No oral representations contrary to the terms and provisions of this contract shall be binding upon either of the parties hereto unless reduced to writing and signed by each of the parties to this contract." Under the terms of the written contract as this Court has construed the same, defendant was entitled to $170,000 net for the Motel and, of the $175,000 sale price, plaintiff's commission was $5,000, the sum in excess of said net amount. Manifestly, the alleged subsequent oral agreement is contrary to the terms and provisions of the written contract.

■ Under the statutory provisions quoted above, the purported or alleged subsequent oral agreement was not, in the opinion of this Court, executed, for the reason that plaintiff failed to incur a detriment which he was not obligated by the original contract to incur. It conclusively appears that performance by plaintiff was limited to the doing and performing of that which he was obligated to do under the written contract. There is, then, no consideration for the alleged executed oral agreement. Plaintiff is therefore entitled only to the commission provided for in the written contract—$5,000.

"In Mackenzie v. Hodgkin, 126 Cal. 591, 59 P. 36, 77 Am.St.Rep. 209, the Supreme Court of California, as appears by the headnote, held that 'an executed oral agreement, which may be proved for the purpose of altering a previous written contract, must consist in the doing or the suffering of something not required to be done or suffered by the terms of the writing'; and this view seems to be sustained by the great weight of authority." Jones v. Longerbeam, 22 S.D. 625, 119 N.W. 1000, 1002.

"Of course, where a party agrees to do or perform certain acts which he is required to do or perform by the terms of his original contract, there is no consideration for the new oral agreement." Jones v. Longerbeam, supra.

"As a general rule the performance of, or promise to perform, an existing legal obligation is not a valid consideration." 17 C.J.S., Contracts, § 110, p. 463.

To the same effect, see Gaar, Scott & Co. v. Green, 6 N.D. 48, 68 N.W. 318.

As the facts conclusively establish that such alleged subsequent oral agreement was not executed and was without consideration, evidence tending to establish such oral agreement would be wholly inadmissible and there would be no issue of fact to submit to a jury.

For the reasons heretofore stated it is the opinion of this Court that the facts which are properly before the Court on this motion for summary judgment affirmatively show that the plaintiff would not be entitled to recover under any discernible circumstances, and that defendant's motion should therefore be granted. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213.

■ Plaintiff's motion for leave to amend his complaint is based upon Rule 15(a), Federal Rules of Civil Procedure. While such rule provides that "leave shall be freely given when justice so requires", the right to grant or refuse such leave is vested in the sound discretion of the trial court. Barron & Holtzoff, Federal Practice and Procedure, Vol. 1, Sec. 445, p. 880. As plaintiff contends, it is true that "in ruling on a motion to dismiss, if it appears that the objections raised by the motion could be obviated by amendment, the court may permit the amendment and deny the motion, or dismiss with leave to amend". Barron & Holtzoff, Federal Practice and Procedure, Vol. 1, Sec. 444, p. 879. However, the converse thereof is equally true, and in the case now before this Court, it clearly appears that the allowance of the proposed amendment will not render the evidence to prove the alleged subsequent oral executed agreement competent and admissible under any theory, and hence will not obviate the objections raised by the defendant's motion for summary

judgment and upon which such motion for summary judgment is based.

Therefore, plaintiff's motion for leave to serve and file his proposed amended complaint, as amended, must be denied.

For the reasons heretofore stated, defendant's motion for summary judgment is granted; plaintiff's motion for leave to serve and file an amended complaint, as amended, is denied. Findings, conclusions, order for judgment, and judgment will be prepared by counsel for the defendant in accordance herewith.

It is so ordered.